27 C.C.P.A. (Patents)

## In re KOKATNUR.

Patent Appeal No. 4262.

Court of Customs and Patent Appeals.
Feb. 26, 1940.

Frederic P. Warfield, of New York City, for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting all of the claims of appellant's application for lack of patentability over the cited prior art.

There are 25 claims before us, the first 17 of which are method claims and the remainder are product claims. Claims 1, 4, and 19 are illustrative and read as follows:

"1. A method for the treatment of perishable food substances which comprises preserving a food substance against spoilage by putrefactive or fermentative bacteria by incorporating an organic peroxidic compound therewith the peroxide in said compound being of the non-intramolecular type."

"4. A method for the treatment of perishable food substances which comprises preserving a food substance against spoilage by putrefactive or fermentative bacteria by incorporating therewith a peroxidic derivative of a compound normally present in said food substance the peroxide in said compound being of the non-intra-molecular type."

"19. As an article of manufacture a composition containing a normally perishable food substance and an organic acid peroxide the peroxide being of the non-intra-molecular type and inhibiting spoilage of said food substances by putrefactive or fermentative bacteria."

The references cited are: Schroeder, 850,606, April 16, 1907; Sutherland (1), 1,539,701, May 26, 1925; Sutherland (2), (Re.), 16,116, July 14, 1925; Stoddard et al., 1,687,805, October 16, 1928.

The subject matter of the claimed invention is sufficiently stated in the quoted claims.

The patent to Sutherland, Re. 16,116, relates to a process for treatment of meal or flour and milling products which comprises mixing such products with an inorganic peroxide. We do not find it necessary further to discuss the disclosure of this patent.

The patent to Sutherland No. 1,539,701 is entitled "Process of Bleaching, Preserving, and Increasing the Baking Qualities of Flour and of Other Milling Products." The patent states:

"The process may be applied to all kinds of meal or flour and milling products obtained from grain, as well as to all intermediate products. It may also be applied to meal from beans and tubers, which latter application has the important advantage that not only the color and the durability of such meals are improved, but that also the disagreeable odor and flavor, often adhering to such meals, fully disappear. This is, for instance, the case with meal from soya beans and from manioc roots.

"The most important properties for judging the quality of floor from grain are its baking quality, its color and its keeping quality.

\* \* \* \* \* \*

"Now, I have found that, even with inferior grades of flour, considerable improvements in the color, the keeping quality, and the baking quality may be obtained by mixing the flour with an extremely small quantity of an organic peroxid or of a similar peroxidized product, and by then subjecting such organic peroxide to a chemical or physical influence, thus for instance by subjecting it to the action of light rich in chemically active rays, or by the action of heat. The flour thereby assumes a fresh and intensely white color.

\* \* \* \* \* \*

"Organic peroxidation products which give excellent results in this connection are the following:—

"(a) The organic peroxides of the type of benzoyl-peroxid or of acety-benzoyl-peroxide.

"(b) The organic per-acids, such as per-acetic acid or per-benzoic acid.

"(c) The salts of the per-acids mentioned under (b).

* * * * * *

"As already mentioned, the flour is very thoroughly sterilized by this process, and acquires a practically unlimited keeping quality. On being stored, it does not acquire a mouldy odor or taste before real putrefaction sets in, as is the case frequently with untreated flour. Such mouldiness in untreated flour is caused by the action of moulds and of bacteria.

"The improvement of the baking qualities is certainly partly to be ascribed to the fact, that living micro-organisms, having an unfavorable influence on the fermentation, are no longer present in the treated meal or flour. * * *"

The patent to Schroeder relates to a process of sterilizing and preserving food, beverages, etc., by the treatment of the same with inorganic oxides such as the oxides of alkaline earths.

The patent to Stoddard and Kokatnur (the latter being the appellant herein) relates to a process of bleaching foodstuffs. The patent states:

"We have now discovered that many animal and vegetable materials, and particularly food stuffs such as flour, cottonseed and other seed meals, egg yolk, oils and fats can be readily, satisfactorily and very cheaply bleached by the action of a peroxidized food constituent or constituents, and that the bleached product after the final action of such peroxid or peroxids thereon, will contain as a residue from such peroxids a food material from which, or from the constituents of which, the bleaching agent was obtained by peroxidation. In accordance with our invention broadly considered, any suitable material, itself a food or a food constituent, is peroxidized. In the subsequent process of bleaching, it breaks up into oxygen and the good material originally peroxidized, whereby nothing remains in the bleached material except a wholesome food product which is a beneficial addition thereto.

* * * * * *

"As a rule 100-200 per cent excess of the bleaching material over that theoretically required, is found to be necessary to bleach a material satisfactorily. In the case of peroxy compounds that leave a food residue, the excess of the bleaching agent used is not at all deleterious, though expensive. * * *"

The examiner rejected all of the claims as containing new matter, the application having been amended during its prosecution, but this ground of rejection was reversed by the board and therefore will not be considered by us. The examiner further rejected claims 1, 2, 3, 19 and 20 as being fully met by either of the Sutherland patents; claims 4 and 5 were rejected on either of the Sutherland patents in view of Stoddard et al. The remaining claims were rejected on Schroeder with Stoddard et al. in view of either of the Sutherland patents.

The Board of Appeals specifically affirmed these grounds of rejection by the examiner.

We will first consider the group of claims comprising claims 1, 2, 3, 19 and 20, which were rejected upon either of the Sutherland patents. All of the claims before us contain the limitation that the organic peroxide compound is of the non-intra-molecular type. It appears that such a peroxide is derived from a grouping of two radicals, thus distinguishing it from peroxide compounds where the grouping is within a single radical.

The patent to Sutherland No. 1,-539,701 suggests the use of benzoyl-peroxide, which the examiner held was an organic acid peroxide of the non-intra-molecular type. This holding is not challenged by appellant's counsel, but in his brief he states that it is a "well-known fact that bleaching of flour by means of benzoyl peroxide in accordance with Sutherland frequently results in causing rancidification of the flour." With reference to this contention we would say that, even though the quoted statement of counsel be correct, there is nothing in the record to substantiate it, and it certainly is not a matter of common knowledge of which we may take judicial notice.

Appellant filed an affidavit, which is in the record, and we find there no reference to this contention of appellant's counsel. Furthermore, we would observe that many of appellant's claims are sufficiently broad to include the use of benzoyl-peroxide as one of the peroxides used in treating perishable food substances.

The chief attack of appellant's counsel upon the Sutherland patents is the contention that they relate only to flour, and that flour is not a perishable food substance. It is contended that the affidavit of appellant affirmatively shows that flour

is not subject to bacterial spoilage and that in view of said affidavit the board erred in not so holding. Upon this subject the board in its decision stated: "Claims 1, 2, 3, 19 and 20 stand rejected as being unpatentable over either one of the Sutherland patents. These patents disclose the preservation of flour by means of benzol peroxide. Applicant argues that flour does not decompose and that if it did, the benzol peroxide would not prevent decomposition. We recognize the objections applicant has raised against these patents, but we still think that the disclosure in them is sufficient to negative patentability of these claims. It would certainly not involve invention to try benzol peroxide to see if it will preserve various food substance as the Sutherland patents clearly suggest it."

Upon this point we would observe that the Sutherland patents are not limited to the treatment of flour, but as hereinbefore quoted from patent No. 1,539,701, reference is made to meal from beans, tubers, etc., and the patent is not confined to flour from grain.

We would also observe that the claims in this patent include a process for making bread in which an organic peroxide is mixed with the flour used in making the dough. We hardly think that it could be successfully maintained that bread is not a perishable food substance.

We therefore agree with the Board of Appeals that this group of claims, viz., 1, 2, 3, 19 and 20, were properly rejected upon the patents to Sutherland, although we lay special stress upon Sutherland patent No. 1,539,701.

With respect to claims 4 and 5, which were rejected upon the Sutherland patents in view of Stoddard et al., it is admitted by appellant's counsel that the last-named patent discloses the use of a peroxide compound derived from the food itself. Appellant's counsel in his brief states that he makes no pretense of claiming as new the broad idea of utilizing in food treatments a peroxide compound derived from the food itself. However, he challenges the statement that the quantities of peroxide specified in the Stoddard et al. patent, in excess of that theoretically required for bleaching, would act as a preservative. Upon this point the examiner stated: "Applicant has argued that the bleaching and preservative actions of compounds are separate and distinct. Attention is directed, however, to the fact that in the Sutherland patents there is a simultaneous bleaching and preserving. Note that on page 2, lines 86 to 89, Stoddard et al. mention the use of a 100 to 200% excess of bleaching agent. This excess would appear to act as a preservative. * * *"

Appellant complains that the examiner failed to quote the entire sentence in the Stoddard et al. specification referred to by the examiner, which is as follows: "As a rule 100-200 per cent excess of the bleaching material over that theoretically required, is found to be necessary to bleach a material satisfactorily. * * *" However counsel did not quote the sentence next following, reading: "* * * In the case of peroxy compounds that leave a food residue, the *excess* of the bleaching agent used is not at all deleterious, though expensive. * * *" (Italics supplied.)

However we do not regard this matter as important for in appellant's application it is stated that "certain of the coloring matters belonging to the chlorophyl or carotinoid type may be somewhat decolorized by the preservation process," thus indicating that the bleaching and preserving take place simultaneously, to some extent at least.

We hold that claims 4 and 5 were properly rejected for the reasons stated by the Patent Office tribunals.

The last group of claims consists of claims numbered 6, 7, 9 to 18, inclusive, and 21 to 26, inclusive. With respect to this group of claims the Board of Appeals in its decision stated: "Claims 6, 7, 9 to 18 and 21 to 26 stand rejected on Schroeder with Stoddard et al. in view of the Sutherland patents. These claims relate to the preservation of food substances, particularly, milk by incorporating an organic peroxide therein or of forming such peroxide within the food substance itself. It is clear that Schroeder preserves milk by the addition of alkaline earth peroxides and acidic substances. In view of the teaching in Stoddard et al. and Sutherland patents it is our view that no invention is involved in preserving milk by adding an organic peroxide of a substance normally present in milk such as butyl peroxide. * * *"

The patent to Schroeder specifically refers to milk and other beverages, and we agree with the board that, in view of the patents to Sutherland and to Stoddard et

al., it would not require invention to substitute organic peroxides for the inorganic peroxides disclosed in the patent to Schroeder.

Much of what we have said respecting the patents to Sutherland and Stoddard et al. in our discussion of the other groups of claims is applicable to this group and need not be repeated.

For the reasons stated herein the decision of the Board of Appeals is affirmed.

Affirmed.